**UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

United States of America

        Plaintiff,

                              Criminal No: 18-CR-20042

v

                              Hon: Victoria A. Roberts

Wade Hampton Perkins, III

        Defendant.
_____/

**<u>DEFENDANT'S SENTENCE MEMO</u>**

*"Our sentences are too long, our sentences are too severe, our sentences are too harsh . . . there is no compassion in the system. There's no mercy in the system."[1]*

*"Our resources are misspent, our punishments too severe; our sentences too long... the sentencing guidelines are responsible in part for the increase in prison terms. . ."[2]*

---

[1] Testimony of Justice Anthony Kennedy before the Senate Judiciary Committee February 14, 2007 in response to Senator Whitehouse), *video link* accessible at Professor Berman's Sentencing Law and Policy Blog of Feb. 15, 2007)

[2] August 9, 2003 Speech of Justice Kennedy at the ABA Annual Meeting (available at http://www.abanow.org/2003/08/speech-by-justice-anthony-kennedy-at-aba-annual-meeting/)

1

## INTRODUCTION

Wade Perkins is a 33-year-old man who appears before this Court for sentencing. Mr. Perkins has pled guilty to five counts of a seven count indictment – counts 1, 2, and 3 charged production of child pornography, 18 USC 2251(a); and count 6 charged transportation of child pornography, 18 USC 2212A(a)(1); and count seven charged an enhancement for being a registered sex offender, 18 USC 2260A. Mr. Perkins faces a mandatory minimum of 25 years on counts 1 to 3, and an additional 10 years on count 7. The guidelines call for a sentence of life, limited by the statutory mandatory minimums on counts 1 to 3 and count 6 of 50 years (for counts 1 to 3), 40 years (for count 6) and a mandatory 10 years consecutive on count 7.

For all of the following reasons, Mr. Perkins respectfully requests that this Honorable Court sentence him to the mandatory minimum of 25 plus 10 years, for a total sentence of 35 years.

## SENTENCING FACTORS

With the Supreme Court's watershed ruling in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), the binding law of federal

sentencing is now principally section 3553(a) of title 18 (as well as section 3553(c) and section 3742(f)). This means that a judge, at sentencing, is obligated to impose the sentence which is "***sufficient but not greater than necessary" to achieve the broad social purposes of sentencing described in section 3553(a)(2)***. As an aid to selecting that sentence, the judge is obligated to consider many things, including the applicable guideline range (3553(a)(4)) and the Commission's policy statements (3553(a)(5)). The Court is also required to consider many other "more traditional sentencing factors," which are separate from consideration of the guidelines, such as "the nature of the offense," and the "history and characteristics of the offender."

Therefore, post-*Booker*, the law requires this Court to fashion a sentence which is "sufficient, but not greater than necessary" to accomplish the societal purposes of sentencing, as outlined in section 3553(a)(2). These purposes include:

> **(2)** the need for the sentence imposed--
>
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> **(B)** to afford adequate deterrence to criminal conduct;
>
> **(C)** to protect the public from further crimes of the defendant; and

> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 USC § 3553(a)(2).

Post-*Booker*, a district court may now consider **even those mitigating factors that the advisory guidelines prohibit –** e.g., such factors as poverty, racial discrimination and humiliation, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth, and others. *United States v. Ameline;*[3] *United States v. Ranum;*[4] *United States v. Myers;*[5] s*ee also* 18 U.S.C. § 3661.[6] By statute, a district court "shall impose a sentence sufficient**, but not greater than necessary**, to

---

[3] 400 F.3d 646, 656 (9th Cir 2005) (finding that the advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence").

[4] 353 F.Supp2d 984 (E.D. Wisc. 2005) (holding that "[t]he guidelines' prohibition of considering these factors cannot be squared with the Section 3553(a)(1) requirement that the court evaluate the "history and characteristics" of the defendant').

[5] 353 F.Supp.2d 1026, 1028 (S.D. Iowa 2005) (finding that "[t]he guidelines prohibition of considering these factors cannot be squared with the § 3553(a)(1) requirement that the court evaluate the 'history and characteristics' of the defendant. . . . Thus, in cases in which a defendant's history and character are positive, consideration of all of the § 3553(a) factors might call for a sentence outside the guideline range.").

[6] "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (cited in *Booker*, 543 U.S. at 15).

comply with [the purposes of sentencing]" (emphasis added). 18 U.S.C. § 3553(a).  This is the "primary directive" of the sentencing statute. *Ranum*, 353 F.Supp2d at 986.  Finally, in *Koon v. United States*,[7] the Supreme Court held that "[i]t  has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."

## SENTENCING ARGUMENT

Mr. Perkins acknowledges that his guidelines on count one are life, limited only by the statutory maximum in each offense  He faces a mandatory minimum on counts one through three of 25 years, and on count seven of an additional 10 years. His guideline range is limited by statutory maximum to 2,280 months, plus the 10 years consecutive on count 7.[8]

However, after *Booker*, Mr. Perkins's guideline range is advisory only, and this Court **must** consider many other factors and sentence Mr. Perkins only to that sentence which is "sufficient, but not greater than necessary" to

---

[7] 518 U.S. 81, 113 (1996).

[8] *See* PSR, p 19 ¶ 100 – 103.

accomplish the societal purposes of sentencing. The Defense submits that this sentence would be no more than the mandatory minimum of 420 months.  This sentence would best accomplish the societal purposes of § 3553(a) for all of the following reasons:

**A.   This Court should sentence Mr. Perkins to the mandatory minimum because the proposed guideline range to too harsh a sentence and is greater than necessary to support the goals of sentencing under § 3553(a).   [3553(a)(1) factor – history and characteristics of the offense and the defendant].**

The advisory guideline is greater than necessary, is not empirically based, and  is just too harsh.  A sentence that is too harsh does not promote justice or respect for law, but rather the opposite, and this Court (as well as all courts) should free itself from "guidelineitis." Courts must fashion a sentence in a manner that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing criminal defendants. 18 U.S.C. § 3553(a). Quite simply, as applied in the Present Case, to Mr. Perkins, the guidelines "are far too severe."[9]

Sentencing emanates "from a law gone awry" and "massively heavy punishment cannot be justified in a civilized society . . . ." *United States v. Stockton*, 968 F.2d 715, 721 (8th Cir. 1992) (Bright, Senior Circuit J.,

---

[9] Justice Anthony Kennedy, address to the Ninth Circuit Judicial Conference (July 9, 2006).

6

*concurring*).  A sentence higher than the mandatory minimum in the Present Case would result in an "utter travesty of justice" due to the guidelines "fetish with abstract arithmetic," and cause harm on "human beings if not cabined by common sense." *United States v. Adelson*, 441 F.Supp.2d 506, 512 (S.D.N.Y. 2006).

"[S]entencing is a difficult art [and it] is easy to make it mechanical. . . . It is, however, an act of reason as the judge looking at this particular person and the circumstances of the crime that this particular person has committed makes a judgment following the prescriptions of the statute." *United States v. Diaz-Argueta,* 447 F.3d 1167 (9th Cir. 2006).  In other words,  "fashioning a just sentence cannot be reduced to a mere arithmetical exercise [and that] reliance solely on numbers, quantities, offense levels, criminal history categories, and matrices produces an illusory precision that obscures the fact that sentencing, in the end, must involve the exercise of *judgment*." *United States v. Biheiri*, 356 F.Supp. 2d 589  (E.D.Va. 2005).

The advisory guideline is this Case is too harsh and greater than necessary. Mr. Perkins was charged with, and pled guilty to, production of child pornography that involved actual sexual conduct with minors. In addition, his sentence is being enhanced for being a registered sex

7

offender at the time of the present offense. Importantly, all three of these issues are aggravating factors that are taken into account significantly by the guidelines. The minor's age adds +8 offense levels (+4 under 2G2.1(b)(1)(A) for a minor under 12, and an additional +4 2G2.1(b)(4)(B) for a depiction of an infant or toddler. The fact that the offense involved sexual conduct adds +2 levels. His supervisory custody or control of the children adds +2 points. And the use of a computer or smart phone adds +2 levels for distribution, and +2 levels for a computer device. On count 6, he receives and additional +5 levels for possessing more than 600 images, and +5 levels for a pattern of sexual activity. Finally his status as a dangerous and repeat sex offender raises his criminal history level to V.

There is no question that this offense is extremely serious. And yes, the facts are abhorrent. However, the abhorrent facts and circumstances have an enormous impact on his sentence by creating a 35 year mandatory minimum, and significantly increasing his guidelines – in fact, they raise his guideline on counts 1 to 3 of +14, and on count 6 by +20. These are massive increases, and more than account for the "nature and circumstances of the offense."

With these factors already taken into account, this Court must take Mr. Perkins' guideline range as merely a starting point, and then apply the

3553(a) factors to determine the appropriate sentence for Mr. Perkins. In so doing, this Court will see that Mr. Perkins is not similarly situated to most offenders convicted of production of child pornography involving actual sexual conduct with a minor.

For starters, Mr. Perkins's production of child pornography consisted of him using his own iPhone to video tape himself having sex, and creating a video for his own personal viewing. While this is reprehensible and certainly illegal, there is no evidence that Mr. Perkins produced the child pornography to distribute it commercially.

Not only have courts relied upon policy difference with the child pornography guidelines to support variances in sentencing, but some have gone so far as to use the issue of multiple enhancement resulting in unfair/double counting of offense variables in these cases. For example, in *United States v Price*, 775 F.3d 828 (7th Cir. 2014), the Seventh Circuit found no abuse of discretion where a district court gave a variance from a guideline range of 40 years to 18 years, citing policy differences with the guidelines and because of the multiple enhancements. This was despite the fact that the defendant was convicted after trial for producing and

distributing child porn, showed no remorse, and as a future danger for molesting other children.[10]

Since the Guidelines are no longer mandatory and the district court need only consider them along with its analysis of the section 3553(e) factors, the decision to deny a Guidelines-based downward departure is a smaller factor in the sentencing calculus; *United States v. Erpenbeck*, 532 .3d 423, 331 (6TH Cir. 2008) (affirming a sentence despite an erroneous departure pursuant to USSG §5K2.3, "because the sentence was sufficiently justified based on the 18 U.S.C. §3553 factors alone."); *United*

---

[10] *See also United States v. Dorvee*, 604 F.3d 84 (2d Cir. 2010) (where defendant pled guilty to distribution of pornography sentence of 240 months vacated as unreasonable in part because of multiple enhancements that apply in almost all cases. The court went on to explain that it was "worth noting that 96.6% of defendants received at least a two-level enhancement based on the number of images possessed On top of that, many of the § 2G2.2 enhancements apply in nearly all cases. Of all sentences under § 2G2.2 in 2009, 94.8% involved an image of a prepubescent minor (qualifying for a two-level increase pursuant to § 2G2.2(b)(2)), 97.2% involved a computer (qualifying for a two-level increase pursuant to § 2G2.2(b)(6)), 73.4% involved an image depicting sadistic or masochistic conduct or other forms of violence (qualifying for a four-level enhancement pursuant to § 2G2.2(b)(4)), and 63.1% involved 600 or more images (qualifying for a five-level enhancement pursuant to §2G2.2(b)(7)(D)). In sum these enhancements, which apply to the vast majority of defendants sentenced under § 2G2.2, add up to 13 levels, resulting in a typical total offense level of 35); *United States v. Grossman*, 513 F.3d 592 (6th Cir. 2008) (in case of possession of child porn. where guidelines 135-168 months, district court's variance to 66 months and 10 years supervised release proper in part because district court perceived that multiple enhancements [images of prepubescent minors, distributing for value, use of computer, etc.] were for similar activity that "improperly exaggerated the guidelines" and created punishment greater than necessary. Enhancements that "almost repeat one another...speaks not to a problem of double counting but to a perception that the guidelines sentence is higher than this conduct deserves—a concern that Booker aptly allows a court to consider in applying advisory guidelines.").

States v. O'Georgia, 569 F.3d 281, 296 (6th Cir. 2009) (Guidelines departure may be justified "based upon the 3553(e) factors alone."); *United States v. Blue*, 557 F.3d 682, 885-86 (6th Cir. 2009) (same); *United States v. Nelson*, 296 Fed.Appx. 475, 478, 480 (6th Cir. 2008) ("The appellate court may consider the extent of the deviation, but must give due deference to the district court's decision that the §3553(a) factors, on a whole, justify the extent of the variance.")

If there had been any lingering doubt about a court's ability to depart on the basis of §3553(a) factors alone, that was that doubt was unambiguously resolved by the Supreme Court in *Pepper v. United States,* 131 S.Ct. 1229 (2011). While indicating that "respectful consideration" must be given to the Advisory Guidelines and commentary, the Supreme Court held that a sentencing court has discretion to impose a non-Guidelines sentence where "the Commission's views rest on wholly unconvincing policy rationales not reflected in the sentencing statutes Congress enacted." *Pepper*, 131 S.Ct. at 1247.

A downward variance may be based on the fact that the sentencing guidelines do not properly reflect the sentencing factors as set forth in 3553(a), or reflect an unsound judgment, or would result in an inappropriate sentence. *Rita v. United States*, 551 U.S. 338; 127 S.Ct. at 2468 (2007).

Courts "may [also] vary [from Guideline ranges] based solely on policy considerations, *including disagreements with the Guidelines*." When a guideline is not the product of "empirical data and national experience," it is not an abuse of discretion to conclude that it fails to achieve the goals of sentencing set forth is 3553(a), even in the run-of-the-mill case. *Kimbrough v. United States*, 552 U.S. 85, 128; S.Ct. 558, at 575 (2007).

For Mr. Perkins, the applicable sentencing guidelines are "far too severe" and would result in just the sort of "massively heavy punishment" unjustified in *Stockton* and a "travesty of justice" warned of in *Adelson*.

**B.     Mr. Perkins's behavior is mitigated to some extent by the fact that had a difficult childhood – he grew up in an abusive home riddled with substance abuse and domestic violence. This caused Mr. Perkins to develop serious undiagnosed mental health issues, and a resulting significant substance abuse history at a very young age.  [3553(a)(1) factors – history and characteristics of the defendant].**

As noted throughout this Memorandum, there is no question that the facts of the Case are troubling and cannot be defended. However, Mr. Perkins's behavior is mitigated to some extent by his extraordinarily difficult childhood and related mental health issues and substance abuse history.

As chronicled in the Presentence Report (PSR), Mr. Perkins had a very difficult childhood. His parents were divorced in 1988 when he was 3

12

years old, as a result of his father's substance abuse history with alcohol and physical abuse of Mr. Perkins' mother. In addition, his sister died in a fire in 1990, when Mr. Perkins was 5 years old. His mother reports that Mr. Perkins suffers from undiagnosed scarring on the brain, which causes seizures. It is clear that Mr. Perkins had a serious mental health issues, that went undiagnosed and untreated for years. He currently takes medication for major depression, tremor disorder, and bi-polar disorder.

Mr. Perkins struggled as a child, and developed a history of juvenile delinquency. He did not do well in school, and was in special education.

Given the domestic violence and substance abuse in his home, as well as the extent of his undiagnosed mental health issues, it is not surprising that Mr. Perkins started self-medicating and developed a severe substance abuse problem at a ridiculously young age. As noted in the PSR, Mr. Perkins first drank alcohol at age 5, smoked marijuana at age 13, cocaine at age 14, and ecstasy and hallucinogens at age 15. In the year prior to his arrest, he used alcohol, cocaine, marijuana, and meth on a regular basis –in essence on a daily basis.

His serious mental health issues and significant substance abuse problem at such a young age had severe negative consequences on his life. It had a direct and undeniable effect on Mr. Perkins' involvement in the

Present Case. Mr. Perkins acknowledged that his use of alcohol and drugs "impacted his personal relationships," and "impacted his personal relationships by eliminating boundaries."

This Court should take this into account when sentencing Mr. Perkins. "Evidence regarding social background and mental health is significant, as there is a 'belief, long held by this society, that defendants who commit criminal acts that are attributable to a disadvantaged background or to emotional and mental problems, may be less culpable than defendants who have no such excuse.'" *Douglas v. Woodford*, 316 F.3d 1079, 1090 (9th Cir. 2003) (quoting *Boyde v. California,* 494 U.S. 370, 382 (1990)). *See also United States v. Floyd*, 945 F.2d 1096 (9th Cir. 1991) (the Ninth Circuit affirmed a departure in a drug case from a guideline range of 30 years to life to 17 years because of defendant's abandonment by his parents and lack of guidance as a youth).[11], *overruled on other grounds*, *United States v. Atkinson*, 990 F.2d 501 (9th Cir. 1993) *See also, Landrigan v. Schriro*, 441 F.3d 638, 648 (9th Cir. 2006) ("Where a defendant's crime is attributable to a disadvantaged background or

---

[11] Note, while the Guidelines eliminated this ground in §5K2.0 (d)(1), *Booker* has given it new life.

14

emotional or mental problems the defendant is less culpable than one without the excuse.")

**D.  This Court must sentence Mr. Perkins below the advisory guideline range, because of Mr. Perkins being on a writ for the federal case, and remaining in state custody, during the pendency of this Case. Therefore, the resulting sentence is too harsh a sentence that is greater than necessary to support the goals of sentencing under § 3553(a). [3553(a)(1) factor – history and characteristics of the offense and the defendant].**

On or about April 28, 2016, Mr. Perkins was arrested by Louisiana state authorities in connection to conduct related to the Present Case. In fact, the search incident to this arrest of Mr. Perkins' electronic media uncovered much of the child pornography that serves the basis of the relevant conduct in Count 6 in the Present Case. Mr. Perkins was eventually charged in Louisiana, pled guilty, and on or about September 19, 2017 was sentenced to concurrent terms of 25 years and 26 years 4 months in the Louisiana Department of Corrections.

On or about May 18, 2016, Mr. Perkins was charged by Complaint in United States District Court for the Eastern District of Michigan with several child pornography related offenses. On December 26, 2017, he appeared in Federal Court to answer these charges via a writ from the Louisiana

15

State System. He was then indicted in the Present Case on January 23, 2018.

As the Pre-sentence report correctly points out, there is no dispute that he has been in Louisiana State custody, and therefore not in federal custody, during the pendency of this Case on December 26, 2017. There is also no question that as a result of this status, Mr. Perkins will not get credit for any time that he has served during the pendency of the Present Case (a period spanning from 12/26/17 to his current sentencing date of 2/19/19 – or almost 14 months).

U.S.S.G. §5G1.3(b) states that

a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense *shall* be imposed as follows:

(1) the court *shall* adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense *shall* be imposed to run concurrently to the remainder of the undischarged term of imprisonment.[12]

What is important to note is the mandatory language of U.S.S.G. §5G1.3(b), which states that if section (a) does not apply, and "the

---

[12] USSG §5G1.2(b).

16

undischarged term of imprisonment resulted from an offense that is relevant conduct to the instant offense," then the District Court "***shall*** adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment," and "***shall*** be imposed to run concurrently to the remainder of the undischarged term of imprisonment."

Therefore, in the Present case, U.S.S.G. §5G1.3(b) instructs that this Honorable Court is required to (a) adjust Mr. Perkins's sentence by the approximately 29 months he has served to date on the State sentence (calculated from the State Sentence date of 9/19/17 to the current sentence date in the Present Case of 2/19/19); and (b) order Mr. Perkins's sentence to run concurrent to the remainder of his State sentence.[13]

Mr. Perkins has done approximately 29 months in State custody for charges that are part of the Present Case, including nearly half that time (14 months) while on a federal writ to answer the Present Charges. None of this time will be credited by the BOP toward his Federal sentence. Consequently, the societal purposes of sentencing are best served by this Court following the directives of U.S.S.G. §5G1.3(b), adjust Mr. Perkins's

---

[13] *See also, United States v Morris*, 458 F.3d 757 (8th Cir. 2006*); United States v. Armstead*, 552 F.3d 769 (9th Cir. 2008) (failing to give credit for undischarged sentence was plain error); *United States v. Kieffer*, 681 F.3d 1143 (10th Cir. 2012); *United States v. Knight*, 562 F.3d 1314 (11th Cir. 2009) (district court reversed for failing to give credit for undischarged sentence).

sentence by the approximately 29 months he has served on the State sentence, and order his sentence to run concurrent to the remainder of his State sentence.

## RELIEF REQUESTED

WHEREFORE Defendant requests this Honorable Court to grant a variance, and sentence Mr. Perkins to the mandatory minimum of 35 years.

Respectfully Submitted:

*/S/ Mark A. Satawa*
Mark A. Satawa P47021
SATAWA LAW, PLLC
Attorney for Defendant
26777 Central Park Blvd; Suite 300
Southfield, MI 483076
(248) 356-8320

Dated:  February 12, 2019

# UNITED STATED DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America

       Plaintiff,

                              Criminal No: 18-CR-20042

v

                              Hon: Victoria A. Roberts

Wade Hampton Perkins, III

       Defendant.
_____/

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2019, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Assistant United States Attorney: Kevin M. Mulcahy

                                      */S/ Mark A. Satawa*
                                      Mark A. Satawa P47021
                                      SATAWA LAW, PLLC
                                      Attorney for Defendant
                                      26777 Central Park Blvd; Suite 300
                                      Southfield, MI 483076
                                      (248) 356-8320

Dated: February 12, 2019