UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

CASE NO 18-cr-20042

Honorable Victoria A. Roberts

v.

WADE HAMPTON PERKINS, III,

      Defendant.
_____/

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

At Defendant Wade Perkins's initial sentencing hearing, the Court inquired about whether its sentence of Perkins ought to run concurrently or consecutively to Perkins's other terms of imprisonment—one in Louisiana and one in Michigan. Two issues arose, one factual and the other legal. Factually, did the judges in Louisiana and Wayne County order the sentences in those cases to run consecutively or concurrently to the other sentences? Legally, must this Court's sentence run concurrently or consecutively to the other two terms of imprisonment? Answers to these questions, along with the government's ultimate recommendation that the Court run this sentence partially concurrent to the Louisiana sentence and fully concurrent to the Michigan sentence, are provided in turn.

# I
# FACTUAL ISSUES

On September 20, 2017, in Louisiana's Jefferson Parish, Judge Raymond Steib Jr. sentenced Wade Perkins based on his pleas of guilty to all counts of a five-count Information. Count 1 charged Perkins with the attempted rape of a six-year-old girl. Counts 2-5 charged Perkins with possession (but not production) of child pornography. (R. 28-1: Exhibit #1 to Defendant's Supplemental Sentence Brief at 1, PgID 171). Judge Steib sentenced Perkins to 25 years in custody for count 1, 26 years and 4 months for count 2, and 25 years in custody for counts 3-5, with all counts running concurrent to one another. (R. 28-1: Exhibit #1 to Defendant's Supplemental Sentence Brief at 4, PgID 174). The judgment and transcript were both silent as to whether such sentences ought to run concurrently or consecutively to any other potential sentence. (R. 28-1 and R. 28-2: Exhibits to Defendant's Supplemental Sentence Brief).

On December 18, 2018, Wayne County Circuit Court Judge Cynthia Hathaway sentenced Perkins to 25-45 years in custody after his guilty plea to two counts of an eleven count information. Judge Hathaway did not specify whether the sentence should run concurrently or consecutively to the federal case or the Louisiana case.

## II
## LEGAL ANALYSIS

Whether a sentence ought to run consecutively or concurrently to an undischarged term of incarceration is governed by United States Sentencing Guidelines Section 5G1.3. The provision considers four independent situations:

> (a)  If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b)  If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
>
>> (1)  the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>>
>> (2)  the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.
>
> (c)  If subsection (a) does not apply, and a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

> (d) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

USSG § 5G1.3.

Here, subsection (a) does not apply because Perkins's crimes were not "committed while the defendant was serving a term of imprisonment." Similarly, because Perkins has already been sentenced for the other offenses, subsection (c) does not apply as it addresses anticipated, but not yet imposed, terms of imprisonment. That leaves either subsection (b) or subsection (d). Subsection (b) states that the Court's term of imprisonment should run concurrently if the other offenses are relevant conduct pursuant to USSG § 1B1.3(a)(1)-(3). If those offenses are not relevant conduct, however, subsection (d) leaves the issue of concurrent versus consecutive time within the Court's discretion.

"Of course, given the advisory nature of the Sentencing Guidelines, a district court has no obligation to impose a concurrent sentence, even if § 5G1.3(b) applies. It is merely a recommendation. That said, a district court must still *consider* what the Guidelines suggest." *United States v. Nania*, 724 F.3d 824, 830 (7th Cir. 2013) (citations omitted).

Because the analysis for the Louisiana and Michigan cases is different, each are addressed separately.

### A. Louisiana Case

Application Note 2(A) definitively answers which subsection of USSG § 5G1.3 ought to apply for the Louisiana sentence. That note reads: "subsection (b) applies in cases in which *all* of the prior offense is relevant conduct to the instant offense . . . . Cases in which *only part* of the prior offense is relevant conduct to the instant offense are covered under subsection (d)." USSG § 5G1.3, n.2 (emphasis added). Perkins only argues, and can only argue, that his sentences for the child pornography crimes in Louisiana are relevant conduct. The attempted rape of the six-year-old girl—addressed in Count 1 of the Louisiana Information—is not related in any way to the child pornography possession crimes. The attempted rape occurred after the child pornography crimes, involved a different potential victim, and occurred several states away. In other words, the "who, what, where, and when" all differ from the federal crimes. Because "only part of the prior offense is relevant conduct to the instant offense," the case is "covered under subsection (d)." USSG § 5G1.3, note 2(A).

*United States v. Hall*, 632 F.3d 331 (6th Cir. 2011), is instructive. In *Hall*, the defendant pleaded guilty to several drug trafficking counts. In state court, the defendant was convicted of murdering someone in retaliation for the victim's cooperation against Hall in the federal drug case. Importantly his state convictions included both murder and a firearms offense. *See id.* at 334. At his federal

sentencing hearing, the district court found that the drug offenses and the murder were relevant conduct. *See id.* at 336-37. Still, the district court ordered the federal drug sentenced to run consecutively to the state murder sentence. In affirming this decision, the Sixth Circuit noted that only the murder, and not the firearm, offense served as relevant conduct. "Hall's conduct in Queen's murder resulted in two state convictions: aggravated murder and the unlawful possession of a firearm. The district court used only one of these convictions—murder—to enhance Hall's base offense level." *Id.* "Because it used only 'part' of Hall's state offense as relevant conduct to enhance the base offense level under the Guidelines, the district court was free to use its discretion in setting Hall's federal sentence to run consecutively to his undischarged state sentences." *Id*. at 338. To be clear, *Hall* applied the version of section 5G1.3 prior to the November 1, 2014, amendments to that provision. But those amendments removed the requirement that for subsection (b) to apply the relevant conduct must increase the defendant's offense level. The *Hall* Court's analysis identifies that issue, but does not hinge on it. Instead, it leans on the unamended language that when only "part" of the prior sentence is relevant conduct to the federal crime, concurrent sentences are discretionary rather than mandatory. *See also Nania*, 724 F.3d at 831-32 (highlighting that subsection (b) requires that the existing term of imprisonment result from "another offense that [was entirely] relevant conduct to the instant offense").

6

Perkins case is far clearer than *Hall*. Unlike in *Hall*, where the state convictions for murder and possession of a firearm appear related to one another, Perkins attempted rape of a six year old had nothing to do with the child pornography on his electronic devices. Thus, it cannot be said that "all of the prior offense" in Louisiana is relevant conduct to the crimes here. Accordingly, in deciding whether to run Perkins's federal sentence consecutively or concurrently to the Louisiana sentence, subsection (d) of USSG § 5G1.3 applies.

## B. Wayne County's Case

The Wayne County case involves a different analysis. The two counts of conviction in Wayne County related to the sexual assaults of two of the three victims in the instant case. Accordingly, the conduct punished in Michigan state court constitutes relevant conduct to the federal case, resulting in an application of subsection (b) of USSG § 5G1.3.

## III
## APPLICATION OF THE FACTS TO THE LAW/CONCLUSION

As indicated in its sentencing memorandum, the government recommends that the Court sentence Perkins to 200 years in custody (the sentence called for by the Guidelines). Whatever sentence the Court imposes, it should run that sentence partially consecutive and partially concurrent to the Louisiana sentence. Specifically, this Court's sentence should be consecutive to 25 years of the Louisiana

offense (to honor the Louisiana court's sentence for the wholly unrelated attempted rape charge found in Count One of the Louisiana Information) and concurrently to one year and four months (the remaining sentence on the possession of child pornography offense found in Count Two of the Louisiana Information). Moreover, in light of the significant overlap between the Michigan state case and the instant offense, this Court should run its sentence concurrently with the 25-45 year sentence imposed by Judge Hathaway in the Wayne County case.

This recommendation strikes the proper balance of the factors set forth in Application Note 4(A) to USSG § 5G1.3.

                                                Respectfully submitted,
                                                MATTHEW SCHNEIDER
                                                U.S. ATTORNEY

                                                s/Kevin M. Mulcahy
                                                Kevin M. Mulcahy
                                                Assistant United States Attorney
                                                kevin.mulcahy@usdoj.gov
                                                211 W. Fort St., Suite 2001
                                                Detroit, Michigan 48226
                                                313-226-9713

Date: April 8, 2019

## **CERTIFICATE OF SERVICE**

It is hereby certified that service of the foregoing Sentencing Memorandum filed this 8th day of April, 2019, has been made upon counsel for defendant (Mark Satawa) by filing this document electronically with the Court. Defense counsel will thereby receive a copy through the Court's ECF system.

                                              s/Kevin M. Mulcahy
                                              Kevin M. Mulcahy
                                              United States Attorney's Office